UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**JEANETTE M. MCMILLAN,**

Debtor.

Case No. **09-62417-13**

# MEMORANDUM OF DECISION

At Butte in said District this 15th day of October, 2010.

In this Chapter 13 case the Trustee filed on July 26, 2010, a Notice of Late Filed Claim (Docket No. 26) objecting to Proof of Claim No. 13 filed by the Social Security Administration ("SSA"). SSA filed a response and motion to file its Proof of Claim out of time. After due notice, a hearing on the Trustee's objection to late filed claim was held at Missoula on October 14, 2010. The Chapter 13 Standing Trustee Robert G. Drummond of Great Falls, Montana, appeared at the hearing. SSA was represented at the hearing by Assistant United States Attorney George F. Darragh, Jr. ("Darragh"). No testimony or exhibits were admitted. The parties agreed that there are no disputed facts. The Court noted that its decision likely is governed by its decision *In re Quesnell*, 18 Mont. B.R. 80, 83 (Bankr. D. Mont. 1999), based upon which SSA's late filed claim should be disallowed, but the claim not subject to any discharge entered in this case because of the Debtor's failure to serve SSA or the appropriate counsel at the proper address required for service. The Court withheld its decision in order to review *Quesnell*, and having reviewed that decision the Court now sustains the Trustee's objection and disallows SSA's Claim

1

13 as a late filed claim, but directs that neither any confirmed plan nor any discharge entered in this case shall apply to SSA's debt for overpayment owed by the Debtor.

This Court has jurisdiction of this case under 28 U.S.C. § 1334(a). The Trustee's objection to SSA's late filed claim is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

Debtor's filed her voluntary Chapter 13 bankruptcy petition was filed on November 30, 2009. Debtor listed SSA on Schedule F as a creditor with an unsecured nonpriority claim in the amount of $20,000 from "Overpayment of Benefits." The "Notice of Commencement of Case" entered December 1, 2009, was sent to creditors on December 1, 2009. That Notice was sent to a SSA payment center at NE Program Service Center, 1 Jamaica Center Plaza, Jamaica, NY 11432-3862. Darragh explained that the Debtor failed to provide the address for giving notice of the case to SSA's office of general counsel, SSA's legal counsel, the local SSA field office which would have serviced her claim, or the local United States' Attorney's office.

The parties agree that the bar date for the governmental unit to file proofs of claim was May 31, 2010. SSA filed its Proof of Claim 13 after the bar date on July 16, 2010, asserting an unsecured nonpriority claim in the amount of $49,169.00. The address given on SSA's Claim 13 for where notices should be sent is to SSA at Northeastern Program Service Center, 1 Jamaica Center Plaza, Jamaica NY 11432, which is quite similar to the address Debtor provided for service to SSA of the Notice of Commencement.

SSA moves to file its Proof of Claim out of time on the grounds it was not given reasonable or adequate notice. SSA argues that it should be permitted to file its claim late under F.R.B.P. 9006(b)(1) under the Court's general discretion for enlargement of time, and for excusable neglect under the holding of *Pioneer Investment Services Co. v. Brunswick Associates*

2

*Ltd. Partnership*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). However, SSA offered no evidence to support a finding of excusable neglect.

This Court has long recognized that bankruptcy courts have no discretion to allow a late filed proof of claim in a Chapter 13 case because of the necessity to determine whether a Chapter 13 plan satisfies the standard of 11 U.S.C. § 1325(a)(4) for distribution to unsecured claims. *Quesnell*, 18 Mont. B.R. at 83; *In re Osborne*, 76 F.3d 306, 310-11 (9th Cir. 1996).

Rule 3002(c) sets forth a claim bar date for timely filing a proof of claim. SSA argues that this Court should allow its late filed claim under its general discretion for enlargement of time under Rule 9006(b)(1). However, Rule 9006(b)(3) states that the court may enlarge the time for taking action under Rule 3002(c) and certain other rules "only to the extent and under the conditions stated in those rules." Thus, Rule 9006(b)(1) does not apply.

*In re Coastal Alaska Lines, Inc.*, 920 F.2d 1428, 1432 (9th Cir. 1990), the Ninth Circuit discussed whether a court has equitable power to extend time to file proofs of claim under F.R.B.P. 3002(c), and concluded that F.R.B.P. 9006(b)(3) allows an extension of time only under the six circumstances permitted by Rule 3002(c), not under the court's general equitable discretion or its equitable powers under 11 U.S.C. § 105(a). *See also In re Krenzelok*, 15 Mont. B.R. 391, 394 n.2 (Bankr. D. Mont. 1996); *Quesnell*, 18 Mont. B.R. at 84. Later, the Ninth Circuit reiterated that bankruptcy courts do not have discretionary authority to enlarge the time after the filing period has expired except pursuant to the exceptions set forth in the rules, including under equitable tolling. *In re Gardenhire*, 209 F.3d 1145, 1148-50, 1152 (9th Cir. 2000). The Court is aware of no subsequent Ninth Circuit decision which changes the rule, and SSA has not cited one.

None of the enumerated exceptions in Rule 3002(c) are applicable in the instant case. SSA filed its Proof of Claim after the claims bar date. Under controlling Ninth Circuit authority cited above and this Court's precedent in *Quesnell*, SSA's late filed Proof of Claim may not be an allowed claim and the Trustee's objection must be sustained.

Turning to SSA's due process arguments that its untimely claim should be allowed because Debtor served it on a payment center in Jamaica, New York, the Court notes that the address where SSA was served with the Notice of Commencement is substantially the same address which it listed on Claim 13 for where notices should be sent. That distinguishes the instant case from *Coastal Alaska*, where the creditor did not receive notice of the bar date until after it had expired. *Quesnell,* 18 Mont. B.R. at 85. On the other hand, Debtor failed to serve the United States attorney for this district as required by Rule 2002(j)(4), which persuades the Court that certain of the relief granted in *Quesnell* is appropriate. Since Debtor failed her burden of showing reasonable diligence in serving SSA in compliance with Rule 2002(j)(4), she failed to afford the creditor fundamental due process. *Quesnell*, 18 Mont. B.R. at 85-87, quoting *In re Circle K Corp.*, 198 B.R. 784, 789 (Bankr. D. Ariz. 1996).

The Debtor has the burden to cause formal notice to be given to creditors in time to file Proofs of Claim. *Quesnell*, 18 Mont. B.R. at 85. The Debtor was not represented at the hearing on the Trustee's objection. Because SSA filed its Claim 13 after the claims bar date SSA's late claim will be disallowed. However, because Debtor failed her burden to serve SSA in compliance with Rule 2002(j)(4), this Court will order that neither a confirmed Plan nor any discharge entered in this case shall apply to SSA's claim for overpayment. *Quesnell*, 18 Mont. B.R. at 84-87, 91.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above sustaining the Chapter 13 Trustee's objection, filed July 23, 2010, to SSA's late filed claim and disallowing Proof of Claim No. 13, but also providing that neither any confirmed plan nor any discharge entered in this case shall apply to SSA's debt for overpayment owed by the Debtor.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana